UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MERRY LEE GALLION, )
)
      PLAINTIFF, )
)
vs. ) CASE NO. 12-CV-583-FHM
)
CAROLYN W. COLVIN, Acting )
Commissioner of the Social Security )
Administration, )
)
      DEFENDANT. )

## OPINION AND ORDER

Plaintiff, Merry Lee Gallion, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1]  In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards.  *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Merry L. Gallion's application was denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) Deborah L. Rose was held January 31, 2011. By decision dated March 2, 2011, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on August 22, 2012. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

1

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

For the reasons discussed below, the Court AFFIRMS the decision of the Commissioner.

## **Background**

Plaintiff was 39 years old on the alleged date of onset of disability and 42 years old on the date of the denial decision. She has a 10th grade education. Plaintiff's past employment includes store laborer and housekeeper. Plaintiff claims to have been unable to work since June 4, 2009,[2] due to bipolar disorder, manic depressive disorder, insomnia, a lack of concentration, post traumatic stress disorder, racing thoughts, an inability to complete tasks, constant worry, and obsessive compulsive disorder. [R. 13, 132-33, 155].

---

[2] Plaintiff's application for disability insurance was filed on June 4, 2009, which is the same date Plaintiff alleges as her date of disability. [R. 132-33].

## The ALJ's Decision

The ALJ determined that Plaintiff has severe impairments relating to post traumatic stress disorder, depression, substance induced mood disorder, and polysubstance dependence. [R. 15]. The ALJ found that Plaintiff has the residual functional capacity (RFC) to perform a full range of work at all exertional levels as defined in 20 CFR 404.1567(a)-(e) with the following non-exertional limitations: limited to performing simple tasks with routine supervision, superficial interaction with co-workers and supervisors, and no interaction with the general public. [R. 17].

The ALJ determined that Plaintiff was able to perform her past relevant work as a store laborer and housekeeper. Further, based on the testimony of the vocational expert, the ALJ determined that there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 20-21]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step four of the five-step evaluative sequence with an alternative step five finding for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ: 1) failed to properly perform steps four and five of the sequential evaluation process; and 2) failed to perform a proper credibility determination.

## Analysis

### Steps Four and Five Determinations

Plaintiff argues that the ALJ improperly performed steps four and five of the sequential evaluation process because the ALJ's RFC and hypothetical questioning of the

vocational expert did not include the moderate limitations the ALJ found in the following areas: activities of daily living; social functioning; and concentration, persistence, and pace. The ALJ's findings in these areas are not work-related limitations but are part of the screening process required to help determine whether Plaintiff's alleged mental impairments are severe. 20 C.F.R. §§ 404.1520a(e), 416.920a(e), *Carpenter v. Astrue,* 537 F.3d 1264, 1268 (10th Cir. 2008)(discussing application of the psychiatric review technique by the ALJ), *Cruse v. United States Dep't of Health & Human Servs.,* 49 F.3d 614, 617 (10th Cir. 1995)(same). The ALJ is required to consider the effect of the mental impairment on four broad areas of functioning known as the "paragraph B" criteria: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation of extended duration. *See* C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(C). The "paragraph B" limitations are <u>not</u> an RFC assessment, the findings serve a screening function which precedes the development of RFC findings. Social Security Ruling 96–8p specifies that the findings are separate:

> The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the [Psychiatric Review Technique Form].

SSR 96–8P, 1996 WL 374184, at *4 (July 2, 1996); see also 20 C.F.R. Pt. 404, Subpt. P., App. 1, § 12.00(A) (indicating that the RFC assessment "is a multidimensional description" of retained work abilities that "complements the functional evaluation necessary for

paragraphs B and C of the listings"). The ALJ's determination that Plaintiff's "paragraph B" limitations were moderate in three of the four functional areas (activities of daily living; social; and concentration, persistence, and pace) were not included in the RFC because they do not address work-related functional limitations.

The ALJ's RFC and hypothetical questions appropriately included the work-related functional limitations that result from the "paragraph B" findings, which are: the limitations of performing simple tasks, superficial interaction with co-workers, and no interaction with the general public. [R. 61]. These are the same work-related limitations found to exist by Dr. Kathleen Gerrity, Ph.D., the non-examining psychologist who reviewed the records from Disability Determination Services (DDS).

Dr. Gerrity completed a Mental Residual Functional Capacity Assessment where she expressed her opinion about Plaintiff's ability to sustain the various work-related mental activities listed on the form. [R. 323-26]. Dr. Gerrity provided a narrative explanation[3] of her conclusions:

> Allegations are partially supported by MER. Ct can perform simple tasks w routine supervision. Ct can interact appropriately w coworkers & supervisor for superficial work purposes. Ct cannot interact e the general public. Ct can adapt to work situation.

[R. 325]. The ALJ gave Dr. Gerrity's opinion great weight and incorporated her opinion into the hypothetical question and RFC assessment. Thus, Plaintiff's argument that the ALJ failed to include Plaintiff's mental limitations into the RFC assessment is without merit. The court finds that in finding Plaintiff was limited to performing simple tasks with routine

---

[3] Spelling and content is taken directly from Dr. Gerrity's narrative.

supervision, superficial interaction with co-workers and supervisors, and no interaction with the general public, the ALJ accounted for work-related limitations. [R. 17].

There is no merit to Plaintiff's assertion that the ALJ erred in failing to include Dr. Gerrity's findings that Plaintiff has marked limitations in her ability to understand, remember, and carry out detailed instructions. [Dkt. 13, p. 4]. The ALJ did include these restrictions by limiting Plaintiff to the performance of simple tasks.

### Credibility Determination

Credibility determinations are peculiarly the province of the finder of fact, and the court will not upset such determinations when supported by substantial evidence. An ALJ's credibility determination must be "closely and affirmatively linked" to substantial record evidence. *Hardman v. Barnhart,* 362 F.3d 676, 678-79 (10th Cir. 2004). The ALJ did just that. The ALJ accurately outlined the points where Plaintiff's statements were inconsistent and where her allegations are contradicted by medical records. In assessing Plaintiff's credibility, the ALJ took into account Plaintiff's sporadic work history prior to her alleged onset date.

The ALJ's credibility findings are closely and affirmatively linked to substantial evidence. Therefore, the court finds no reason to deviate from the general rule to accord deference to the ALJ's credibility determination. Plaintiff offers various arguments against the factors cited by the ALJ in support of the credibility finding. The court views those arguments as an invitation to engage in impermissible reweighing of the evidence. As the Tenth Circuit has instructed, the court must decline that invitation. *See Rabon v. Astrue,* 464 Fed. Appx. 732, 735-36 (10th Cir. 2012)(citing *Hackett v. Barnhart,* 395 F.3d 1168,

6


1173 (10th Cir. 2005)).

## **Conclusion**

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 22nd day of October, 2013.

*Frank H. McCarthy*
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE